SULEIMAN, Appellant,

v.

OHIO EDISON COMPANY, Appellee.

[Cite as *Suleiman v. Ohio Edison Co.* (2001), 146 Ohio App.3d 41.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 01CA15.

Decided Sept. 24, 2001.

42

**44**

---

*James E. Lanzo,* for appellant.

*John Dellick,* for appellee.

---

VUKOVICH, Presiding Judge.

Plaintiff-appellant Azer Suleiman appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee Ohio Edison Company. For the following reasons, the judgment of the trial court is affirmed.

Suleiman owns and operates a grocery store. On April 12, 1999, an employee of Ohio Edison determined that the electrical meter at Suleiman's store was not operating properly. Suleiman was informed that the electrical meter might have to be changed. Suleiman claims that he told the Ohio Edison employee that he needed to be informed prior to the replacement of the electrical meter so that he could turn off his refrigeration units to protect them from damage. Suleiman was not informed that the electrical meter was changed. As a result of not being informed, damage occurred to one of his refrigeration units.

Ohio Edison claims that Suleiman's electrical unit was not operating correctly for two years. This resulted in Ohio Edison not being paid the correct amount for the electrical consumption. To remedy this flaw, Ohio Edison computed an estimated amount of electricity that had been consumed in the past year by Suleiman. This computation was made in accordance with Public Utilities Commission of Ohio ("PUCO") Regulation No. 10 X.D. Ohio Edison took one month's electric bill and multiplied that by twelve to determine the amount of electricity consumed by Suleiman in the past year. Ohio Edison then subtracted the amount actually paid by Suleiman and the difference was determined to be the amount owed by Suleiman.

Sometime after these actions were taken by Ohio Edison, Suleiman filed suit in the Mahoning County Common Pleas Court. Suleiman alleged negligence in replacing the electrical meter, causing damage to his refrigeration unit and fraudulent billing based on the bill for back payments. Ohio Edison counter-claimed for the amount Suleiman allegedly owed, $3,819.59.

Ohio Edison then moved the court to dismiss Suleiman's complaint. Ohio Edison also moved for summary judgment on the fraudulent billing allegation and on its claim for the back payments. Suleiman then moved for partial summary judgment on Ohio Edison's back-payment claim. The trial court granted Ohio

Edison's motions for summary judgment dismissing Suleiman's negligence and fraudulent billing claims, and ordered Suleiman to pay the back payments. This appeal followed.

Suleiman sets forth three assignments of error, the first of which contends:

"The trial court erred in granting defendant's motion for summary judgment on plaintiff's complaint against defendant–appellee."

The trial court granted Ohio Edison's motions for summary judgment without citing any grounds for its decision. Suleiman addresses only subject matter jurisdiction in his first assignment of error.

Suleiman insists that the trial court had jurisdiction over his claims. Suleiman acknowledges that PUCO has exclusive jurisdiction over disputes pertaining to service and rates of a public utility; however, he maintains that the causes of action articulated in his complaint are based on common-law negligence. Ohio Edison, on the other hand, claims that the causes of action raised in Suleiman's complaint fall under service complaints. This would result in the exclusive jurisdiction of PUCO.

R.C. 4905.26 confers exclusive jurisdiction on PUCO to hear all complaints pertaining to rates and/or service provided by the public utility. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 151, 573 N.E.2d 655. Only pure contract and common-law torts claims against a public utility may be brought in a common pleas court because PUCO has no power to judicially ascertain and determine legal rights and liabilities or to award damages. R.C. 4905.26; *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575; *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 736 N.E.2d 92.

Therefore, the determination of whether the trial court had jurisdiction over this case turns on whether the claims raised in the complaint are allegations of common-law negligence or service complaints. *Higgins,* 136 Ohio App.3d at 202, 736 N.E.2d 92. In the case at bar, Suleiman raises two claims: negligence in the removal of the electrical meter and fraudulent billing. We will examine the negligence claim first.

In *Higgins,* we decided a case in which appellants alleged that Columbia Gas wrongfully terminated gas to their apartment. We held that although the complaint alleged tortious, contractual, and statutory violations, the act of interrupting service of gas still involved service. *Id.* at 202, 736 N.E.2d 92. The common pleas court does not obtain jurisdiction even if removal is intentional or malicious. *Higgins,* 136 Ohio App.3d at 202, 736 N.E.2d 92, citing *Farra v. Dayton* (1989), 62 Ohio App.3d 487, 576 N.E.2d 807. Any damage that was caused

by the interruption of the service is incidental to the removal of the meter, and any claim for that damage regardless of how it is articulated is still a complaint of service. *Farra*, 62 Ohio App.3d at 494, 576 N.E.2d 807.

 Seeking damage for removal, or in this case for replacing the electrical meter, are acts affecting or relating to service under R.C. 4905.26. *Id.* The failure to inform Suleiman prior to replacing the meter does not change the basic fact that the replacement of the meter was service. As such, Suleiman's claim of negligence in replacing the meter falls within the exclusive jurisdiction of PUCO.

 Suleiman's second claim, fraudulent billing, also falls within the exclusive jurisdiction of PUCO. R.C. 4905.26 expressly states that the commission will hear complaints that any rate or charge is unjust, unreasonable, or unjustly discriminatory. A customer being charged a higher rate than authorized by the rate schedule is within the exclusive jurisdiction of PUCO. *Kazmaier.* The statute clearly allows PUCO to adjudicate complaints involving customer rates and services. *Id.* The trial court lacked subject matter jurisdiction. Suleiman's first assignment of error is overruled.

Assignments of error two and three will be discussed together. These assignments contend:

"The trial court erred in granting defendant's motion for summary judgment on defendant's counterclaim against plaintiff."

"The trial court erred in denying plaintiff's motion for partial summary judgment on defendant's counterclaim."

 An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241. Summary judgment is properly granted when (1) no genuine issue as to any material fact exits, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to one only conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

These two assignments of error are composed of three different arguments. We will examine each of these arguments separately.

 First, Suleiman questions Ohio Edison's ability to counterclaim for the back payments based on contract, and then claim that the trial court lacked subject matter jurisdiction over his claims. Suleiman's argument implies that if Ohio Edison can counterclaim based on contract, then his claim alleging fraud in billing should also be considered to be based on contract.

As stated earlier, Suleiman's fraudulent-billing claim falls within the exclusive jurisdiction of PUCO, regardless of the wording of the complaint. R.C. 4905.26 expressly bestows jurisdiction to PUCO of complaints relating to rates or charges.

While the trial court lacks jurisdiction over Suleiman's claims, the trial court has jurisdiction over Ohio Edison's counterclaim. The express language of R.C. 4905.26 confers exclusive jurisdiction to PUCO only over complaints by any person, firm, or corporation. R.C. 4905.26. The language does not confer exclusive jurisdiction on PUCO for actions by public utilities against their customers. R.C. 4905.26. We have previously held that public utilities can bring suit against consumers in common pleas court. *Ohio Edison Co. v. Irwin* (June 27, 1986), Mahoning App. No. 85CA81, unreported, 1986 WL 7530.

Next, Suleiman argues that there is a genuine issue as to whether the meter was functioning properly. The movant has the initial burden of informing the trial court· of the basis for its summary judgment motion by identifying supporting evidence. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. In an affidavit attached to the motion for summary judgment, an Ohio Edison employee stated that upon inspection he noticed that the meter had stopped operating. An affidavit of another Ohio Edison employee stated that in the previous year, Suleiman was not billed for usage; rather, he was billed at a fixed cost. Ohio Edison has met its initial burden.

Once the burden is met, the burden shifts to the nonmovant to set forth specific facts and supporting evidence showing that there is a genuine issue as to a material fact. *Id.* This evidence includes affidavits that are based on personal knowledge. Civ.R. 56(C). Personal knowledge is defined as knowledge of the truth in regard to a particular factor or allegation which is original and does not depend on information or hearsay. *Brannon v. Rinzler* (1991), 77 Ohio App.3d 749, 603 N.E.2d 1049, quoting Black's Law Dictionary. Suleiman did not provide any evidence other than his own affidavit stating that there was absolutely no evidence in the record to prove that the meter was not operating properly. This statement is conclusory in nature and is not enough to survive a motion for summary judgment. *Carlton v. Davisson* (1995), 104 Ohio App.3d 636, 646, 662 N.E.2d 1112.

Last, ·Suleiman argues that there is a genuine issue as to whether one month and one year are similar periods for computation of back payments. PUCO Regulation No. 10 X.D. allows for an estimated amount to be computed when a meter fails to register the amount of electricity used. This regulation provides two different tests, one of those tests is use of electricity during a similar period. Ohio Edison used the similar-period test. The affidavit of an

employee of Ohio Edison stated that Ohio Edison used standard practices to determine Suleiman's one-year consumption of electricity. Suleiman made no attempt to dispute that this was a standard practice to compute unmetered electricity. While the electrical consumption between different months may be higher or lower depending on the weather, Suleiman does not assert that his electrical consumption varied throughout the year. Suleiman fails to meet his burden. Viewing the evidence in the light most favorable to the nonmoving party, the trial court properly granted summary judgment in favor of Ohio Edison.

For the forgoing reasons, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and WAITE, JJ., concur.