JOURNAL ENTRY AND OPINION
{¶ 1} This is a consolidated appeal from the decisions of the Cuyahoga County Court of Common Pleas that (1) granted summary judgment on the complaint in favor of defendants Century 21 Arrow Realty, Inc. ("Century 21") and Charles Amato, and (2) granted judgment in favor of plaintiffs State Farm Fire Casualty Company ("State Farm") and Debra Dennewitz and against defendant East Ohio Gas Company ("East Ohio Gas").[1] For the reasons stated below, we vacate the judgment entered against East Ohio Gas and dismiss the action against it for lack of subject matter jurisdiction, and we reverse the ruling on summary judgment in favor of Century 21 and Amato and remand the matter for further proceedings.
 {¶ 2} The following facts give rise to this appeal. Debra Dennewitz and her husband, Andrew Dennewitz, owned a home at 15302 Turney Road in Maple Heights, Ohio ("the property"). In August or September 1999, they decided to sell the property, and eventually they entered into an exclusive right-to-sell agreement in November 1999 with Century 21 and real estate agent Charles Amato. Amato placed on the property a "For Sale" sign displaying the Century 21 name, Amato's name, and an office telephone number.
 {¶ 3} The property was vacant from August 1999 until May 2000, when it eventually sold. During that time, Debra and Andrew Dennewitz were residing in Hudson. Mr. Dennewitz testified that he informed East Ohio Gas that the property was vacant but the Dennewitzes wanted the gas kept on, and he provided East Ohio Gas with his billing address in Hudson, along with his work and home telephone numbers. Mr. Dennewitz stated that he then received the gas bills for the property at his Hudson address.
 {¶ 4} In November 1999, Mr. Dennewitz visited the property and found a notification envelope from East Ohio Gas indicating that a gas main relocation was to take place. The gas main relocation was being done in connection with a road-widening and reconstruction project.
 {¶ 5} Mr. Dennewitz called East Ohio Gas to ask about the work being done, because he was selling his house. Mr. Dennewitz was told that East Ohio Gas was relocating the gas main line because of road work that was being done. Mr. Dennewitz testified that he informed East Ohio Gas that he was in the process of selling the property, and that if East Ohio Gas needed anything, he could be notified at his Hudson address. Mr. Dennewitz testified that when he went to the property in November and December 1999, he knew East Ohio Gas was working by his property and it was evident that there was construction going on in front of his house.
 {¶ 6} Although he was not told about any interruption in gas service at the time, Mr. Dennewitz acknowledged that he could infer that a gas main relocation involved moving a gas line to a different location and that it was possible that this would require the gas to be turned off. Nevertheless, the Dennewitzes did not check on the house between December 14, 1999 and January 2, 2000.
 {¶ 7} Patrick Martin, an engineering technician and pipeline inspector for East Ohio Gas, was assigned to the Turney Road project. Martin left the notice in November about the gas main relocation that Mr. Dennewitz found at the property. Martin also called Century 21 and gave information about the project to a secretary, and he also left a voicemail message for agent Chuck Amato.
 {¶ 8} On December 15, 1999, Martin left another notice at the property, indicating that the gas service was going to be shut off the next day and that East Ohio Gas should be called to arrange to restore the gas service. Martin also called Century 21 concerning the gas being shut off to the property in connection with the main relocation. Martin stated that he spoke with the secretary at Century 21 and explained that the gas was going to be shut off and that someone needed to come out to the property to let East Ohio Gas in to relight the appliances. Martin claimed the secretary put Martin through to Amato's voicemail, on which Martin left another message. Martin recalled a distinct phrase, "accept the challenge," that was on Amato's voicemail.
 {¶ 9} On December 16, 1999, East Ohio Gas activated the new main gas line and began retying the service lines for the neighboring properties. Martin left another notice at the property. Russ Mazzola, another employee of East Ohio Gas, testified that on December 16, he was told by Martin that the real estate agent was to be at the property at 3:30 p.m. Mazzola waited; however, nobody showed up from Century 21.
 {¶ 10} Martin called Century 21 again on December 17, 1999, and left another message for Amato with the secretary. Martin indicated that it was "imperative" that someone come to the property or make an appointment to meet him. Martin claims the secretary told him Amato was aware of what was going on at the house. Martin also testified that all of the notices he left at the house had been picked up. Century 21 and Amato disputed receiving the messages.
 {¶ 11} On January 3, 2000, Mr. Dennewitz received a telephone call from Amato informing him that a friend on Turney Road had told him the gas had been turned off. Mr. Dennewitz called East Ohio Gas and was told that it had been turned off. Mr. Dennewitz made arrangements to meet a representative of East Ohio Gas at the property that night. When he arrived at the property, Mr. Dennewitz found water pipes burst and a pool of water in the basement. The property sustained damage in excess of $40,000. State Farm made payments to Debra Dennewitz for the loss and became subrogated to any claim against the defendants. Debra Dennewitz paid a deductible of $250.
 {¶ 12} State Farm and Debra Dennewitz brought this action, alleging that the negligence of Century 21, Amato, and East Ohio Gas caused the damage to the property. East Ohio Gas filed a counterclaim and cross-claim. Upon motion, the trial court granted summary judgment in favor of Century 21 and Amato. The case proceeded to a bench trial on the remaining claims against East Ohio Gas. The trial court entered judgment in favor of State Farm and Debra Dennewitz.
 {¶ 13} Plaintiffs State Farm and Debra Dennewitz filed an appeal from the order granting summary judgment on the complaint in favor of defendants Century 21 and Amato. Defendant East Ohio Gas filed an appeal from the court's judgment in favor of the plaintiffs. These appeals were consolidated for review.
 {¶ 14} We shall begin by addressing the second assignment of error presented by East Ohio Gas, since it is dispositive of the negligence claim against it. This assignment of error provides as follows:
 {¶ 15} "Assignment of Error Two: The trial court erred when it found that it had subject matter jurisdiction over the claim asserted by the plaintiff, as subrogee."
 {¶ 16} East Ohio Gas argues that the claim against it relates to its methods of providing service and notices regarding service to its customers, and therefore, the claim is a service-related matter that is within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). As the trial court correctly noted, objections based on lack of subject matter jurisdiction may be raised at any stage of the proceedings and may even be challenged for the first time on appeal. In re:Byard (1996), 74 Ohio St.3d 294, 296.
 {¶ 17} R.C. 4905.22 specifies that "every public utility shall furnish necessary and adequate service * * *." R.C. 4905.26
confers exclusive jurisdiction on PUCO to determine whether any "service rendered" by a public utility or any "practice affecting or relating to any service furnished by a public utility, or in connection with such service" is in any respect unjust, unreasonable, or in violation of law. PUCO's exclusive jurisdiction includes complaints regarding the termination of service by public utilities. See Milligan v. Ohio Bell Tel. Co.
(1978), 56 Ohio St.2d 191, paragraph two of the syllabus;Higgins v. Columbia Gas of Ohio, Inc. (2000),136 Ohio App.3d 198, 202.
 {¶ 18} Notwithstanding PUCO's exclusive jurisdiction over service-related matters, it has been recognized that "courts retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by [PUCO]." State ex rel. Illuminating Co. v. Cuyahoga Cty.Court of Common Pleas, 97 Ohio St.3d 69, 2002-Ohio-5312, and cases cited therein. But the mere fact that a plaintiff casts its allegations to sound in tort is insufficient to confer jurisdiction upon the common pleas court. Id.; State ex rel.Columbia Gas of Ohio, Inc. v. Henson, 102 Ohio St.3d 349, 352,2004-Ohio-3208. Instead, it is the substance of the claims that is controlling, and if the claims are manifestly service-related, they are within the exclusive jurisdiction of the commission. SeeState ex rel. Columbia Gas of Ohio, Inc.,102 Ohio St.3d at 352; Milligan, 56 Ohio St.2d 191, paragraph two of the syllabus; Higgins, 136 Ohio App.3d at 202; see, also, Suleimanv. Ohio Edison Co. (2001), 146 Ohio App.3d 41, 2001-Ohio-3414;Farra v. Dayton (1989), 62 Ohio App.3d 487. Indeed, this court has repeatedly held that tort claims alleging disruption in service or the adequacy of utility service are service-related matters that fall within the exclusive jurisdiction of PUCO.Miles Management Corp. v. FirstEnergy Corp., Cuyahoga App. No. 84197, 2005-Ohio-1496; see cases cited therein.
 {¶ 19} In this case, the trial court found the allegation that East Ohio Gas failed to act as a reasonably prudent gas company with regard to the actions it took or did not take in ensuring that the gas would be turned back on was related to service. Nevertheless, the court concluded that it had jurisdiction to proceed with the action because common law tort themes, i.e., negligence, made up the sole basis for the complaint. Likewise, plaintiffs argue the common pleas court had jurisdiction to hear this case because plaintiffs set forth a common law tort claim and East Ohio Gas did not provide evidence establishing that it is a public utility.
 {¶ 20} With respect to the status of East Ohio Gas as a public utility, we find that it is common knowledge that it is a public utility company and no evidence was needed to establish this fact. The issue before us is whether plaintiffs' claim against East Ohio Gas is a service-related action. In the complaint, plaintiffs allege that East Ohio Gas "shut off the gas service" and failed to directly notify the property owners that the "gas service" was being shut off. The plaintiffs further allege that as a "result of the gas service being turned off," they sustained property damage. Because these allegations clearly pertain to the interruption of gas service to the property, we find the substance of plaintiffs' claim is service-related.
 {¶ 21} There were also issues raised during the proceedings concerning notification procedures of East Ohio Gas for gas service shutoff and its procedures for gaining access to the property to restart service. Whether the procedures used by East Ohio Gas are adequate for notifying customers of interruptions in service and for restarting disrupted service is a service-related matter that can be determined best by PUCO. As we stated inMiles Management, supra, "the determination of issues related to `applicable laws and regulations, industry practices and standards,' `is best accomplished by the [PUCO] with its expert staff technicians familiar with the utility commission provisions.'" Id., citing Gayheart v. Dayton Power Light Co.
(1994), 98 Ohio App.3d 220, 228, quoting Kazmaier Supermarket,Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 151-152. Because this action requires a review of the common practices used by East Ohio Gas in shutting off and restarting service and the adequacy of those practices, resolution of the matter is a service-related issue that belongs under PUCO's exclusive jurisdiction.
 {¶ 22} We also recognize Mr. Dennewitz's assertion that he requested East Ohio Gas to contact him directly. This failure-to-inform argument does not alter the fact that the claim in this case is related to a shutoff in service in connection with moving a gas main line and the procedures utilized by East Ohio Gas in handling this type of interruption in service. InSuleiman, 146 Ohio App.3d 41, a grocery store owner brought an action against Ohio Edison Company, claiming negligence in replacing an electrical meter that allegedly caused damage to one of his refrigeration units. Suleiman alleged that he told an Ohio Edison employee that he needed to be informed prior to the replacement of the electrical meter so he could turn off his refrigeration units to protect them from damage; however, he was not informed, and as a result, damage occurred. Id. The court found that the matter was service-related and stated: "The failure to inform Suleiman prior to replacing the meter does not change the basic fact that the replacement of the meter was service." Suleiman, 146 Ohio App.3d at 45-46. Likewise, the failure to contact Mr. Dennewitz directly does not change the fact that the gas shutoff was service-related and that the plaintiffs in this case are seeking damages that relate to the service.
 {¶ 23} We conclude that plaintiffs' claim against East Ohio Gas is service-related and belongs within the exclusive jurisdiction of PUCO. The trial court lacked subject matter jurisdiction over the claim. Accordingly, the second assignment of error of East Ohio Gas is sustained. The remaining assignments of error pertaining to the ruling against East Ohio Gas are moot.
 {¶ 24} Next, we consider the trial court's decision to grant summary judgment on the complaint in favor of Century 21 and Charles Amato. Plaintiffs have raised two assignments of error with respect to this ruling that provide as follows:
 {¶ 25} "I. The trial court erred in granting defendants' [Century 21 and Amato's] joint motion for summary judgment by failing to construe facts in favor of the nonmoving party, plaintiffs therein."
 {¶ 26} "II. The trial court erred in granting defendants' [Century 21 and Amato's] joint motion for summary judgment in finding that plaintiffs failed to establish a duty owed by defendants [Century 21 and Amato] as to plaintiffs."
 {¶ 27} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 28} In counts two and three of the complaint, plaintiffs assert negligence claims against Century 21 and Amato. Plaintiffs claim Century 21 and Amato failed to take reasonable action to reinstate the gas service and/or notify the property owners that the gas service was being shut off. In granting summary judgment to Century 21 and Amato, the trial court found that plaintiffs failed to establish a duty that these defendants breached.
 {¶ 29} It is well settled that the elements of an ordinary negligence suit are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach. Wallace v. Ohio DOC,96 Ohio St.3d 266, 2002-Ohio-4210, citing Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. The duty element of negligence is a question of law for the court to determine. Id. The Ohio Supreme Court has explained the "duty" element of a negligence claim as follows:
"Duty, as used in Ohio tort law, refers to the relationshipbetween the plaintiff and the defendant from which arises anobligation on the part of the defendant to exercise due caretoward the plaintiff. This court has often stated that theexistence of a duty depends upon the foreseeability of harm: if areasonably prudent person would have anticipated that an injurywas likely to result from a particular act, the court could findthat the duty element of negligence is satisfied. In addition, wehave also stated that the duty element of negligence may beestablished by common law, by legislative enactment, or by theparticular circumstances of a given case."
 Wallace, 96 Ohio St.3d at 274 (internal citations and quotations omitted).
 {¶ 30} In this case, Century 21 and Amato assert that they contracted only to obtain a purchaser. They claim their duties are specifically set forth in Ohio Revised Code Chapter 4735. They state they have no duty, nor are they required, to inspect for or discover defects, problems or potential problems, manage real estate, maintain real estate, watch or guard real estate or repair real estate. They also claim they were not aware the gas had been turned off until after the property damage had been caused.
 {¶ 31} Although we would agree that Century 21 and Amato did not have a duty to look after the property, this is not the issue before us. Plaintiffs are not claiming that Century 21 and Amato had a duty to monitor the property. However, plaintiffs do contend that they had a fiduciary relationship with Amato, their real estate agent, and that Amato had a duty to notify them that the gas was being shut off if he was aware of the situation.
 {¶ 32} It is well settled that a real estate agent owes a fiduciary duty to his client. Moreland v. Ksiazek, Cuyahoga App. No. 83509, 2004-Ohio-2974; Parahoo v. Mancini (Apr. 14, 1998), Franklin App. No. 97APE08-1071; Foust v. ValleybrookRealty Co. (1981), 4 Ohio App.3d 164. The statutory fiduciary duties owed by a real estate agent to his client, and to which Century 21 and Amato aver, are set forth in R.C. 4735.62. These duties include, but are not limited to, the following:
"(A) Exercising reasonable skill and care in representing theclient and carrying out the responsibilities of the agencyrelationship; * * *
 "(D) Performing all duties specified in this chapter in amanner that is loyal to the interest of the client; * * *
 "(F) Disclosing to the client any material facts of thetransaction of which the licensee is aware or should be aware inthe exercise of reasonable skill and care and that are notconfidential information pursuant to a current or prior agency ordual agency relationship; * * *."
R.C. 4735.62. This list is not exhaustive.
 {¶ 33} In addition to the statutory duties that are imposed, a real estate agent must still abide by the common law fiduciary duties. Indeed, "real estate brokers have statutory and common law fiduciary duties of disclosure, good faith, and loyalty."Hornung v. Fletcher, Mahoning App. No. 05 MA 7, 2005-Ohio-7078, quoting Whaley v. Zyndorf/Serchuk, Inc., 6th Dist. No. L 01 1295, 2002-Ohio-2640 at ¶ 8, R.C. 4735.75(B). We also recognize that the common law duty of due care is "that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances." Mussivand, 45 Ohio St.3d at 318.
 {¶ 34} Furthermore, the Ohio Supreme Court has held: "One who acts as an agent for another becomes a fiduciary with respect to matters within the scope of the agency relation. An agent owes his principal a duty to disclose all material information which the agent learns concerning the subject matter of the agency relation and about which the principal is not apprised. Furthermore, where a principal suffers loss through his agent's failure to function in accordance with his duty, the agent becomes liable to the principal for the resulting damages." (Internal citations omitted.) Miles v. Perpetual Savings LoanCo. (1979), 58 Ohio St.2d 93, 95. This court has likewise recognized that "a real estate agent [is] a fiduciary who owes his principal a duty to disclose all material information he learns concerning the subject matter of the transaction." Majiv. Firem (Jun. 8, 1995), Cuyahoga App. No. 67198.
 {¶ 35} In this case, evidence was presented that notices about the gas being shut off were left and retrieved at the property. East Ohio Gas also offered evidence that it left messages with Century 21 and Amato about the gas being shut off and concerning the need to gain access to the property to relight appliances. This information was material to the property and should have been disclosed in the exercise of reasonable skill and care. We find that a reasonably prudent real estate agent would anticipate that damage to the property was likely to result if the information was not disclosed to the clients. Any foreseeable damage to the property would have a material effect on the subject matter of the agency relation, including the sale of the home or the ability to find a purchaser for the home.
 {¶ 36} We also recognize that a fiduciary can assume a duty that is "`created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking.'"Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 20, quotingStrock v. Pressnell (1988), 38 Ohio St.3d 207, 216. In this case, disputed evidence was presented that Amato agreed to meet with East Ohio Gas at the property to allow it to enter and relight the gas appliances. These facts, if accepted by the trier of fact, would establish an assumption of a duty.
 {¶ 37} We find, as a matter of law, that plaintiffs established the duty element of negligence in this case. Further, plaintiffs have created genuine issues of material fact as to whether Century 21 and Amato knew or should have known about the gas being shut off to the property, which they would have had a duty to disclose to plaintiffs.
 {¶ 38} We also note that the remaining arguments raised in the joint motion for summary judgment have not been asserted by Century 21 and Amato in their appellate brief. Century 21 and Amato asserted that plaintiffs failed to join a necessary party to this action, namely, Andrew Dennewitz, who owned the property with Debra Dennewitz. This action was brought by State Farm and Debra Dennewitz, its named insured. State Farm has a subrogation interest in this action as a result of the claim paid to its insured for the damage to the property. Debra Dennewitz is seeking to recover the deductible she paid. Andrew Dennewitz is not a necessary and indispensable party to this action.
 {¶ 39} Century 21 and Amato also argued that the claim against Amato was barred by the two-year statute of limitations applicable to negligence claims for bodily injury or injury to personal property set forth in R.C. 2305.10. The alleged damages in this case occurred on January 3, 2000; however, the complaint was not filed until July 2, 2002. Century 21 and Amato relied on the incorrect statute of limitations. This action does not involve bodily injury or injury to personal property; rather, it pertains to damage to real property. The applicable statute of limitations is the four-year statute of limitations set forth in R.C. 2305.09(D).
 {¶ 40} We conclude the trial court erred in granting Century 21 and Amato's joint motion for summary judgment as to the complaint. Plaintiffs' first and second assignments of error are sustained.
 {¶ 41} We vacate the judgment entered against East Ohio Gas and dismiss the action against it for lack of subject matter jurisdiction; we reverse the ruling on summary judgment in favor of Century 21 and Amato and remand the matter for further proceedings.
Judgment vacated and dismissed in part; cause reversed and remanded in part.
This cause is vacated and dismissed in part; reversed and remanded in part to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellants recover of said appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Diane Karpinski, J.,concur.
[1] We shall refer to the parties as plaintiffs and defendants in this opinion to avoid any confusion created by the designation of appellants and appellees by virtue of the consolidated appeal.