[Cite as *Saks v. E. Ohio Gas Co.*, 2012-Ohio-2637.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97770

## WILLIAM SAKS

PLAINTIFF-APPELLANT

vs.

## THE EAST OHIO GAS COMPANY, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-752485

BEFORE:     Boyle, J., Stewart, P.J., and Rocco, J.

RELEASED AND JOURNALIZED:     June 14, 2012

**ATTORNEY FOR APPELLANT**

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, Ohio    44115-1405


**ATTORNEYS FOR APPELLEES**

**For The East Ohio Gas Company**

Mark A. Whitt
Melissa L. Thompson
Whitt Sturtevant LLP
PNC Plaza, Suite 2020
155 East Broad Street
Columbus, Ohio    43215

**For Integrys Energy Services, Inc.**

James A. Climer
Frank H. Scialdone
John T. McLandrich
John D. Pinzone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, Ohio    44139

MARY J. BOYLE, J.:

{¶1} Plaintiff-appellant, William Saks, appeals the trial court's decision granting the motion to dismiss filed by defendant-appellee, The East Ohio Gas Company d.b.a. Dominion East Ohio ("Dominion"), and the motion for judgment on the pleadings filed by Integrys Energy Services, Inc. ("Integrys"). The trial court found that Saks's claims fall within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). We affirm.

## Procedural History and Facts

{¶2} In June 2011, Saks filed an amended complaint against Dominion, a public utility, and Integrys, a natural gas supplier, seeking to certify a class action on behalf of himself and other customers who have been "falsely and fraudulent double-billed" or "otherwise overcharged." Saks specifically alleged that "one or both of the defendants charged [Saks] for 20.3 MCU of gas which improperly included 0.4 MCU billed to and paid by plaintiff on his October 29, 2010 statement and 6.2 MCU billed to and paid by [Saks] on his December 1, 2010 statement." Saks further alleged that on December 30, 2010, "one or both of the defendants charged [Saks] for gas at $4.62 per unit, which rate, when multiplied by the volume gas shown on the invoice, should have resulted in a charge of $95.25 * * * instead of the $106.04 charged." The amount of damages was approximately $40.

{¶3} Saks also asserted a claim under the Ohio Consumer Sales Practice Act ("CSPA"), alleging that "[d]efendants' acts and practices were unfair, deceptive, and

unconscionable in connection with consumer transactions and in violation of R.C. 1345.02 and 1345.03."

{¶4} Dominion moved to dismiss the complaint under Civ.R. 12(B)(1) on the grounds that the trial court lacked subject matter jurisdiction to resolve the claims, arguing that the claims fell within the exclusive jurisdiction of PUCO. Dominion further moved for dismissal under Civ.R. 12(B)(6), arguing the CSPA does not apply to the services provided in this case. Similarly, Integrys moved for judgment on the pleadings, also arguing that the billing dispute fell within the exclusive jurisdiction of PUCO. The trial court ultimately granted both motions and entered judgment for the defendants. Saks now appeals, raising a single assignment of error:

{¶5} "The trial court erred in granting the defendants' dispositive motions based on its wrong finding that the * * * PUCO has exclusive subject-matter jurisdiction here. Nothing in the record supports that."

### Standard of Review

{¶6} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 8th Dist. No. 92294, 2009-Ohio-2359, ¶ 3. In ruling on a motion made pursuant to Civ.R. 12(B)(1), the court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." *Id.* An appellate court considers the issue de novo; we therefore afford no deference to the trial court's decision

and independently review the issue. *Rafalski v. Dominion E. Ohio Co.*, 8th Dist. No. 95908, 2011-Ohio-2931, ¶ 9.

{¶7} We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. But "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶8} We likewise apply a de novo standard of review to a trial court's decision on a motion for judgment on the pleadings filed under Civ.R. 12(C). Granting a judgment on the pleadings is appropriate where the plaintiff has failed in her complaint to allege a set of facts that, if true, would establish the defendant's liability. *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982). And, similar to a motion to dismiss, the factual allegations of the complaint are taken as true but

unsupported conclusions are insufficient to withstand the motion. *See Moya v. DeClemente*, 8th Dist. No. 96733, 2011-Ohio-5843, ¶ 10.

{¶9} Applying a de novo standard of review, we turn to the critical issue on appeal: whether PUCO has exclusive jurisdiction over Saks's claims.

Subject Matter Jurisdiction

{¶10} Through the enactment of R.C. Title 49, the General Assembly has created a broad and comprehensive statutory scheme for regulating the business activities of public utilities, including the regulation of utility service and the fixation of rates charged. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 573 N.E.2d 655 (1991). "As part of that scheme, the legislature created the [PUCO] and empowered it with broad authority to administer and enforce the provisions of Title 49." *Id.* PUCO's exclusive jurisdiction over those matters specified in the statute, including rates and charges, classifications, and service, effectively denies common pleas courts from exercising jurisdiction over such claims. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 16. This, however, "does not diminish 'the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims.'" *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 893 N.E.2d 824, ¶ 6, quoting *State ex rel. Ohio Edison Co. v. Shaker*, 68 Ohio St.3d 209, 211, 625 N.E.2d 608 (1994).

{¶11} The mere pleading of a tort or breach of contract claim, however, does not automatically invoke jurisdiction within a common pleas court. *Allstate*, 119 Ohio St.3d at 303. Indeed, "[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court when the basic claim is one that the commission has exclusive jurisdiction to resolve." *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 21 (per curiam). When determining subject-matter jurisdiction, the court must review the claims' substance "to determine if service-related issues are involved." *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, ¶ 10.

{¶12} In *Allstate*, the Ohio Supreme Court adopted a two-part test to determine whether the allegations advance service-related or common-law tort claims: (1) whether the PUCO's administrative expertise is required to resolve the issue in dispute, and (2) whether the act complained of constitutes a practice normally authorized by the utility. *Id.* at ¶ 13. If the answer to both questions is in the affirmative, the claim is within PUCO's exclusive jurisdiction.

{¶13} Saks contends that his claims are pure tort and breach of contract claims that do not implicate the jurisdiction of PUCO. He argues that had the trial court properly applied the *Allstate* test, it would have been compelled to find jurisdiction because (1) the resolution of overcharges, either negligently or fraudulently done, do not

require any special expertise of PUCO, and (2) PUCO does not authorize the "mismultiplications and double-charges" that were done in this case.

{¶14} We find that Saks misconstrues the holding in *Allstate*. In *Allstate*, an insurer brought a subrogation action against an electric company to recover payments to an insured for damages incurred in a fire allegedly caused by the utility's failure to respond to a service call. While the insurer argued that its claims involved ordinary acts of negligence, the utility argued that if it was negligent, it was negligent regarding policies and procedures for service calls subject to PUCO jurisdiction. *Id*. at ¶ 8, 10. The court noted, "We concede the distinction between the two arguments is a fine one," and developed its two-part test "[t]o help us and all other courts determine when a trial court's determination that it, not PUCO, has jurisdiction over a case involving a public utility alleged to have committed a tort * * *." *Id*. at ¶ 10, 11.

{¶15} The *Allstate* test was never intended to deprive the PUCO of matters that fall squarely within its jurisdiction; instead, the test was adopted to guide courts in evaluating claims that present a close question on whether the claims are utility-service related or claims constituting a tort or breach of contract. Indeed, the mere fact that the common pleas court may have the skill to decide the issue does not give it subject matter jurisdiction when the General Assembly has expressly indicated that disputes over the rate charged by a public utility fall squarely within the exclusive jurisdiction of PUCO. *See Kazmaier*, 61 Ohio St.3d at 159; *see also State ex rel. Duke Energy Ohio, Inc. v.*

*Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 22-23. "R.C. 4905.26 confers exclusive jurisdiction on the commission to determine whether any charge or service rendered by a public utility 'is in any respect unjust, unreasonable, * * * or in violation of law.'" *Duke Energy Ohio, Inc.* at ¶ 19, quoting R.C. 4905.26.

{¶16} As for the second prong of the *Allstate* test, we find that billing is a practice authorized by the utility. Indeed, as noted by appellees, they are subject to several PUCO rules governing rates and regulations. *See, e.g.*, R.C. 4905.22, 4905.32, 4905.33, 4905.35; Ohio Adm.Code 4901:1-13-11, 4901:1-29-12. The allegations that the billings were done incorrectly does not deprive PUCO of its jurisdiction under the *Allstate* test. Under Saks's interpretation of the second part of the *Allstate* test, any allegation of wrongdoing would effectively deny PUCO of jurisdiction. That is simply not the case.

{¶17} Relying on a 2003 decision from the Second District, Saks further argues that the resolution of mere mathematical mistakes does not invoke the exclusive jurisdiction of PUCO. *See Hundley v. Vectren Energy Delivery of Ohio, Inc.*, 2d Dist. No. 19870, 2003-Ohio-6237, ¶ 16 (recognizing that the expertise of PUCO is not necessary for the resolution of a claim alleging isolated acts of negligence in performing mathematical calculations). We find *Hundley*, however, unpersuasive and not controlling. Again, as stated above, disputes involving charges for service fall within

the exclusive jurisdiction of PUCO. And to the extent that Saks broadly alleges that the charges were fraudulently made, we still find that his claim falls within PUCO's jurisdiction, especially because the fraud allegations relate specifically to the billing. *See Suleiman v. Ohio Edison Co.*, 146 Ohio App.3d 41, 764 N.E.2d 1098 (7th Dist.2001) (applying *Kazmaier* and recognizing that a claim for fraudulent billing fell within the exclusive jurisdiction of PUCO).

**{¶18}** Finally, we likewise find that the trial court properly dismissed Saks's alleged CSPA claim. Because the underlying conduct giving rise to the purported CSPA claim falls squarely with PUCO's jurisdiction, the trial court lacks jurisdiction to consider the claim. Furthermore, the CSPA generally excludes transactions between a utility (i.e., Dominion) or a company supplying natural gas (i.e., Integrys) and its customers from the scope of "consumer transactions" covered by the statute. R.C. 1345.01(A). Thus, Saks's CSPA claims fail as a matter of law.

**{¶19}** The sole assignment of error is overruled.

**{¶20}** Accordingly, we affirm the trial court's decision granting Dominion's motion to dismiss and Integrys' motion for judgment on the pleadings.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR