OPINION
{¶ 1} Plaintiff-appellant Joseph Robert Grenga appeals the decision of the Youngstown Municipal Court, Small Claims Division, dismissing his complaint against defendant-appellee Ohio Edison Company for lack of subject matter jurisdiction. The issues presented to this court are whether Grenga preserved his arguments for appeal and whether the trial court correctly determined it was without jurisdiction to hear the case. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} On December 3, 2002, Grenga filed a complaint in the Youngstown Municipal Court, Small Claims Division. The complaint alleged, "Damage done by Ohio Edison to electric service located at 130 W. Rayen Avenue." The case proceeded before a magistrate. On January 17, 2003, the magistrate dismissed the action for lack of jurisdiction. Grenga filed timely objections to the decision; however, neither a transcript nor an affidavit as is required by former Civ.R. 53(E)(3)(b) accompanied the objections.[1] On January 22, 2003, the trial court adopted the magistrate's decision and held that it lacked subject matter jurisdiction. Grenga then requested the trial court to make findings of fact and conclusions of law pursuant to Civ.R. 52. The trial court did not rule on the motion.
 {¶ 3} Grenga timely appealed from the trial court's dismissal of his complaint. While the appeal was pending, Grenga tried to submit an App.R. 9(C) statement of evidence. However, Grenga and Ohio Edison could not agree on the facts. This resulted in Grenga filing a motion for extension of time to file an agreed statement of evidence in accordance with App.R. 9(C). In response, Ohio Edison filed a motion to dismiss the appeal claiming that failure to comply with Civ.R. 53(E)(3)(b) waived all issues that could be raised in the appeal. On June 25, 2003, this court denied the extension of time to file an agreed statement of the evidence stating:
 {¶ 4} "[Grenga] failed to provide the trial court with a transcript or affidavit in accordance with Civ.R. 53(E)(3)(b). [Grenga] cannot cure this failure by filing an App.R. 9(C) statement of what occurred before the magistrate for the first time on appeal. Marino v. Painter (Aug. 6, 1999), 11th Dist. No. 98-T-0031; see, also, State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730." 6/25/03 J.E.
 {¶ 5} However, the motion to dismiss was continued after we explained that Grenga's failure to file a transcript or affidavit in accordance with Civ.R. 53(E)(3)(b) waived some issues, but not all potential issues related to the trial court's adoption of the magistrate's decision.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} "The trial court committed prejudicial error in granting defendant a motion to dismiss when defendant never made a motion to dismiss, or requested dismissal of plaintiff's complaint."
 {¶ 7} Grenga contends that at the beginning of the hearing before the magistrate, Ohio Edison stated that it would later move to dismiss the action based upon lack of jurisdiction. According to Grenga, Ohio Edison failed to make the motion. However, after the hearing concluded, the magistrate stated that the motion to dismiss was granted. Grenga argues that while a court on its own initiative can dismiss an action for lack of jurisdiction, the magistrate's decision was not based upon its own initiative. According to Grenga, the granting of a nonexistent motion is evidence of this.
 {¶ 8} Ohio Edison argues that Grenga's failure to comply with Civ.R. 53(E)(3)(b) waives this issue for appeal since there is no proper statement of the evidence. Alternatively, Ohio Edison argues that a trial court at anytime can sua sponte dismiss a complaint for lack of subject matter jurisdiction.
 {¶ 9} We will first address Ohio Edison's claim that the failure to comply with Civ.R. 53(E)(3)(b) waives this issue for appeal. Civ.R. 53(E)(3)(b), the version in effect at the time of the action, states in pertinent part as follows:
 {¶ 10} "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 11} Grenga timely objected to the magistrate's decision. The objection to the magistrate's decision contained Grenga's version of the evidence presented to the magistrate and the sequence of events that transpired before the magistrate. However, no affidavit or transcript was filed with the objections. It was the duty of the person objecting to the magistrate's decision to provide a transcript or affidavit. In re O'Neal
(Nov. 24, 2000), 11th Dist. No. 99-A-0022. Grenga failed to meet this burden. Therefore, given the language of Civ.R. 53(E)(3)(b) and the fact that Grenga failed to provide the trial court with either a transcript or affidavit, he can only appeal questions of law. Any claimed errors in the magistrate's factual determinations are waived.
 {¶ 12} The determination of whether a trial court has jurisdiction over a plaintiff's claim against a public utility is fact dependent. While R.C. 4905.26 confers exclusive jurisdiction on PUCO to hear all complaints pertaining to rates and/or service provided by the public utility, pure contract and common law tort claims against a public utility may be brought in a common pleas court. Kazmaier Supermarket,Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 151. R.C. 4905.26;Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191; Higgins v.Columbiana Gas, Inc. (2000), 136 Ohio App.3d 198 (PUCO has no power to judicially ascertain and determine legal rights and liability or award damages). As the Supreme Court of Ohio noted in Kazmaier Supermarket,
supra, "the basis for determining whether PUCO has exclusive jurisdiction is a determination regarding whether a matter involves claims which are in essence rate or service-oriented — not whether a claim involves a common `practice' of the utility * * *." Pacific Indem. Ins. Co. v.Illuminating Co., 8th Dist. No. 82074, 2003-Ohio-3954, at ¶ 18. Thus, the determination of whether the claims are rate or service-oriented depends upon the facts. As such, Grenga's objections to the magistrate's decision to dismiss the case based upon lack of subject matter jurisdiction required the submission of a transcript or affidavit.
 {¶ 13} The affidavit or transcript would have contained information as to whether Ohio Edison actually moved to dismiss the complaint. However, as stated above, no affidavit or transcript was filed. Thus, this argument is waived since Grenga failed to comply with Civ.R. 53(E)(3)(b).
 {¶ 14} Moreover, even if the argument is not deemed to be waived, Grenga's claim still must fail. In the absence of a transcript, we must presume regularity in the trial court's proceedings. Milick v. Ciapala,
7th Dist. No. 02CA53, 2003-Ohio-1427. Since the magistrate stated the motion to dismiss was granted, we presume that a motion to dismiss was pending before the magistrate. Furthermore, even if Ohio Edison did not move to dismiss the complaint for lack of subject matter jurisdiction, the court was still permitted to dismiss the case on its own initiative. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Civ.R. 12(H)(3). Lack of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings. State exrel. Bond v. Velotta, 91 Ohio St.3d 418, 2001-Ohio-91. Consequently, even if a motion was not made and the magistrate stated that the motion was granted, it does not change the fact that the trial court has the authority to make the decision at any time, with or without a motion pending before it. Accordingly, this assignment of error either is deemed waived and/or lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} "Contrary to the Trial Court's assertion, the Trial Court had Jurisdiction to hear Plaintiff's Claim."
 {¶ 16} Grenga argues that the trial court erred when it dismissed the case for lack of subject matter jurisdiction. Grenga contends that the claimed damage is not related to rates or services and, as such, does not fall within the exclusive jurisdiction of PUCO.
 {¶ 17} As in assignment of error number one, Ohio Edison argues that Grenga's failure to preserve an evidentiary record renders the arguments raised in this assignment of error waived. Alternatively, Ohio Edison argues that Grenga's claims fall under services and, thus, the claims fall within the exclusive jurisdiction of PUCO.
 {¶ 18} Here, the trial court dismissed the complaint finding that the claims asserted fell within the exclusive jurisdiction of PUCO. As was explained under the first assignment of error, the determination of whether the claims fell within the exclusive jurisdiction of PUCO is factually determinative. Since there is no affidavit or transcript of the hearing before the magistrate, we are left only with the complaint to determine whether the claims raised in the complaint are allegations of common law negligence or service complaints.
 {¶ 19} The complaint stated that Grenga is seeking to recover "damage done by Ohio Edison to the electric service" at his property. From this statement alone, it cannot be determined whether the claim is a pure common law tort or contract claim, or whether the claim pertains to rates and/or services. The determination of whether the claim is contract/tort or is a rate/service claim is dependent upon the surrounding facts of how the damage was done to the property. Thus, a transcript or affidavit of all the evidence submitted to the magistrate is necessary to determine whether an error occurred. As aforementioned, Grenga failed to comply with Civ.R. 53, thus any issue he had with the factual determinations are waived. Consequently, we cannot review this argument.
 {¶ 20} Additionally, Grenga argues that the trial court incorrectly applied the holdings in Suleiman v. Ohio Edison, 146 Ohio App.3d 41,2001-Ohio-3414, and State ex rel. Illuminating Co. v. Cuyahoga Cty. Courtof Common Pleas, 97 Ohio St.3d 69, 2002-Ohio-5312. In both of the above cited cases, the reviewing courts found that the claims involved service and/or rate disputes that fell within the exclusive jurisdiction of PUCO. As explained above, Grenga's failure to comply with Civ.R. 53 precludes this court from making a determination from the record whether the trial court incorrectly applied the law and dismissed the complaint based upon lack of subject matter jurisdiction. Thus, this argument fails. The arguments made under this assignment of error are also waived.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 21} "The trial court erred to the prejudice of plaintiff by not complying with plaintiff's request for the trial court to settle the parties agreed statement pursuant to appellate Rule 9."
 {¶ 22} Grenga argues that when the parties cannot agree to an agreed statement of the evidence pursuant to App.R. 9(C), the trial court is required to resolve the disagreement and enter an agreed statement of the evidence. Since the trial court in this situation did not resolve the disagreement between Grenga and Ohio Edison, Grenga maintains that the trial court erred and he was prejudiced by this error since there is no record of the hearing for our court to review.
 {¶ 23} Ohio Edison argues that Grenga did not file a notice of appeal for this issue and, as such, the issue raised in this assignment of error is not yet reviewable. Alternatively, Ohio Edison argues creation of an App.R. 9(C) statement cannot correct Grenga's error in failing to comply with Civ.R. 53.
 {¶ 24} Grenga's argument fails. Civ.R. 53(E)(3)(b) requires the party objecting to the magistrate's decision to submit a transcript or affidavit of what occurred before the magistrate to the trial court. Grenga did not comply with this requirement and, as such, Grenga's request for the trial court to make findings of fact and conclusions of law could not be granted. The trial court, unsure of what precisely occurred in the hearing before the magistrate, could not make findings of fact nor could it resolve the dispute between Grenga and Ohio Edison over the agreed statement of the evidence.
 {¶ 25} Furthermore, as we have already explained in the June 25, 2003 journal entry, an App.R. 9(C) statement of the record will not correct Grenga's failure to file an affidavit or transcript to the trial court in accordance with Civ.R. 53. Chaney v. East (1994),97 Ohio App.3d 431. Thus, even if the trial court resolved the disputes in the App.R. 9(C) statement of evidence, that action would not have corrected Grenga's error. Nor would it have changed our determination that many of the errors raised in this appeal are waived. Accordingly, this assignment of error lacks merit.
 {¶ 26} As a final note, we must address Ohio Edison's request for this court to order Grenga to pay reasonable expenses of this appeal, including an amount for reasonable attorney fees and costs. App.R. 23 states that if a court of appeals determines that an appeal is frivolous, it may require appellant to pay reasonable expenses including attorney fees and costs. We do not find the appeal frivolous, thus, Ohio Edison's request is denied.
 {¶ 27} For the reasons stated above, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.
[1] Civ.R. 53 was amended July 1, 2003. Civ.R. 53(E)(3)(b) is now Civ.R. 53(E)(3)(b), (c), and (d). Section (c) requires the any objection to a finding of fact to be supported by a transcript or affidavit.