OPINION *Page 2 
{¶ 1} Appellant, Henry A. Selinsky, Inc. appeals the judgment of the Canton Municipal Court overturning the magistrate's report and finding for Appellee, Engineered Polymers, Corp.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellee purchased four pieces of machinery from a plant in Hudson, Ohio to be transported to Appellee in Minnesota. Appellee initially contacted Appellant for a quote to load and deliver the machinery to Minnesota. (Trial Exhibit C). After receiving the first quote of $3,455.00, Appellant then provided Appellee with a second quote to "rig your equipment on trucks of others" for $1,100.00. (Trial Exhibit D). Appellee accepted the second quote and drew up a purchase order that stated, "[r]ig load equipment purchased at Little Tikes auction." (Trial Exhibit E).
 {¶ 3} On September 1, 2006, Appellant used a forklift to place the machinery on a truck arranged by Appellee. Appellant did not package the machinery before loading it onto the truck, nor did Appellant secure the machinery in the truck. The driver of the truck tied the equipment down and departed.
 {¶ 4} When the machinery arrived in Minnesota, Appellee found the machinery had been damaged during transport. Appellee could not use the machinery for its intended purposes, but was able to sell the equipment for scrap.
 {¶ 5} On January 3, 2007, Appellee filed a small claims action in Canton Municipal Court claiming breach of contract for Appellant's failure to "rig" the machinery in the truck per the requirements of the purchase order. Appellant filed a counterclaim alleging breach of contract and money owed. *Page 3 
 {¶ 6} A trial was held before the magistrate on February 22, 2007. The magistrate found in favor of Appellant, finding no breach of contract. (Magistrate's Report, Feb. 22, 2007). He specifically held Appellant was not responsible for the damage to the property because he found, "rig in this instance to mean load." Id. The driver was responsible for securing the load and there was no evidence that Appellant damaged the load. Id. It recommended that judgment be awarded to Appellant on its counterclaim in the amount of $1100.00.
 {¶ 7} On March 8, 2007, Appellee filed objections to the magistrate's report arguing the magistrate erred as a matter of law when it interpreted the term "rig." It did not file a transcript of the proceeding with its objections. The trial court issued its judgment entry on March 26, 2007, upholding Appellee's objections and vacating the magistrate's report. It specifically held:
 {¶ 8} "The court finds that Selinsky breached its contractual obligations to rig the equipment, that its breach caused the cargo to be damaged and that the damages exceeded the $3,000 monetary limit of the Small Claims Division."
 {¶ 9} It is from this decision Appellant now appeals. Appellant raises one Assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERTURNED THE MAGISTRATE'S DECISION FINDING THAT APPELLANT DID NOT BREACH THE CONTRACT." *Page 4 
 I. {¶ 11} Appellant argues that the trial court abused its discretion when it sustained Appellee's objections to the magistrate's report without reviewing the transcript. We agree.
 {¶ 12} As stated above, Appellee did not provide the trial court with a transcript of the proceedings when it filed its objections to the magistrate report. Appellee argues that it was not required to file a transcript because the issue presented was a legal question, not a factual one. Specifically, Appellee states the issue in this matter is of contract interpretation — whether the terms "rig and load" required Appellant to secure the machinery or to just place the machinery in the truck.
 {¶ 13} Civ. R. 53(D)(3)(b)(iii) provides for proceedings in matters referred to magistrates, and states in pertinent part:
 {¶ 14} "(3) Magistrate's decision; objections to magistrate's decision.
 {¶ 15} "(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. . . ." *Page 5 
 {¶ 16} The issue before us is whether the interpretation of "rig and load" is a question of law or question of fact. If the contract is clear and unambiguous, its interpretation is a matter of law, and there is no issue of fact to determine. Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322,15 OBR 448, 474 N.E.2d 271, citing Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. However, where the contract language is reasonably susceptible of more than one interpretation, the meaning of the ambiguous language is a question of fact. Ohio Historical Soc. v. Gen. Maint. Eng. Co. (1989),65 Ohio App.3d 139, 146, 583 N.E.2d 340.
 {¶ 17} "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions."Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638,597 N.E.2d 499, syllabus. Such evidence may include evidence of trade usage within the industry in question. Staden v. Smith (Feb. 20, 2002), 9th Dist. No. 01CA007886, at *6. Extrinsic evidence of a general custom or trade usage is admissible to show that the parties to the contract employed terms which have a special meaning within a particular trade or industry which are not reflected on the face of the agreement.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146, paragraph three of the syllabus.
 {¶ 18} While the term "rig" in and of itself is clear and unambiguous, we find that the circumstances surrounding the agreement give special meaning to the term "rig" that can only be clarified by permitting extrinsic evidence of the trade or industry usage *Page 6 
of the term. In Appellee's attachment to its small claims complaint, it states, "Defendant was identified as one of the preferred riggers available to remove equipment from the auction site." (Jan. 3, 2007). Appellee initially contacted Appellant for a quote to load and deliver the machinery to Minnesota. (Trial Exhibit C). After receiving the first quote of $3,455.00, Appellant then provided Appellee with a second quote to "rig your equipment on trucks of others" for $1,100.00. (Trial Exhibit D). Appellee accepted the second quote and drew up a purchase order that stated, "[r]ig load equipment purchased at Little Tikes auction." (Trial Exhibit E).
 {¶ 19} In this case, we find the term "rig" to be reasonably susceptible to more than one interpretation based upon the usage of the term in the communications between the parties, therefore creating a question of fact as to the meaning of "rig." Pursuant to Civ. R. 53, Appellee was required to submit a transcript of the evidentiary hearing held before the magistrate when it filed its objections to the magistrate's decision.
 {¶ 20} Our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report when the party objecting to a magistrate's report fails to provide a transcript. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. In order to find an abuse of discretion, we must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably and there was not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact *Page 7 
are considered established and may not be attacked on appeal. Doane v.Doane (May 2, 2001),5th Dist. App. No. 00CA21, 2001 WL 474267. Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. Sochor v. Smith (June 28, 2000), 5th Dist. No. 00CA00001.
 {¶ 21} Pursuant to the above-mentioned standard of review, we find that upon application of the magistrate's findings of fact, the trial court abused its discretion in reaching its legal conclusions that "rig" was not synonymous with "load." We also find trial court went further beyond the scope of its permissible review when it made the findings that Appellant's breach caused the cargo to be damaged and the damages exceeded $3000. (Judgment Entry, Mar. 26, 2007).
 {¶ 22} In order to present a claim for breach of contract, Appellee must present evidence on several elements. Those elements include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. Doner v. Snapp (1994),98 Ohio App.3d 597, 649 N.E.2d 42. Based on the evidence presented during the hearing, the magistrate found that the driver of the truck was responsible for securing the load safely and properly. (Magistrate's Report, Feb. 22, 2007). The magistrate further found there was no evidence Appellant damaged the load. Id.
 {¶ 23} Because Appellee did not file a transcript of the evidentiary hearing, the trial court abused its discretion when it made factual findings regarding breach of the contract and damages.
 {¶ 24} As such, we sustain Appellant's Assignment of Error. *Page 8 
 {¶ 25} The judgment of the Canton Municipal Court is reversed and pursuant to App. R. 12(B), final judgment is entered in favor of Appellant according to the Feb. 22, 2007 Magistrate's Report with damages in the amount of $1100.00, plus interest at the statutory rate from March 26, 2007 and costs.
 Delaney, J. Hoffman, P.J. concur Edwards, J. concurs separately *Page 9