OPINION
{¶ 1} Tina Musgrove appeals from the trial court's denial of a civil protection order. This litigation began in August 2007 when the Montgomery County Domestic Relations Court issued an ex parte civil protection order against David Helms in favor of the alleged victim, Tina Musgrove. On September 11, 2007, a magistrate recommended that the petition for a civil protection order be dismissed. *Page 2 
 {¶ 2} On October 24, 2007, Ms. Musgrove moved the court to hold Helms in contempt for violating the ex parte civil protection order issued on August 2, 2007. On November 20, 2007, the trial court adopted the magistrate's findings and recommendation and dismissed the petition. The trial court noted that Ms. Musgrove had not filed a transcript of the hearing before the magistrate and thus the court was bound to accept the factual findings made by the magistrate. The court specifically found no error present in the magistrate's legal conclusions. Helms moved the trial court to grant him attorney's fees.
 {¶ 3} On December 4, the magistrate found that Helms had not violated the ex parte protection order as alleged in Musgrove's October 24, 2007 motion. The magistrate also recommended that Helms' request for attorney's fees be denied.
 {¶ 4} Musgrove appealed the trial court's decision of November 20, 2007. The trial court never ruled on the magistrate's recommendation that Musgrove's motion to hold Helms in contempt be denied.
 {¶ 5} In two related assignments of error, Ms. Musgrove argues that the court's judgment dismissing the petition for a protective order is against the manifest weight of the evidence. Helms notes that Musgrove never filed a transcript of the magistrate's hearing with the trial court or with us. The trial court correctly concluded that a party cannot successfully object that a magistrate's report is against the manifest weight of the evidence without a transcript. See Civ. R. 53 andGrenga v. Ohio Edison Co., Mahoning App. No. 03-MA-41, 2004-Ohio-822. The Appellant's first and third assignments of error are Overruled.
 {¶ 6} In her second assignment, Musgrove argues the trial court erred in *Page 3 
dismissing her motion to hold Helms in contempt. The trial court never addressed the magistrate's recommendation. The contempt matter is in any event ancillary to the protection order matter. This assignment must be Overruled as premature.
 {¶ 7} The Judgment of the trial court is Affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to: Tina Musgrove Anne Catherine Harvey Hon. Judith A. King *Page 1