[Cite as *Carskadon v. Avakian*, 2011-Ohio-4423.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LAURA CARSKADON                   :
                                  :
         Plaintiff-Appellee       :
                                  :
-vs-                              :
                                  :
EARL AVAKIAN, et al.             :
                                  :
         Defendants-Appellants    :

JUDGES:

Hon. Patricia A. Delaney, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.


Case No. 11CAG020018

O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal Court,
                                  Case No. 10-CVI-02816




JUDGMENT:                         AFFIRMED




DATE OF JUDGMENT ENTRY:           August 22, 2011

APPEARANCES:

For Plaintiff-Appellee                                For Defendants-Appellants

LAURA A. CARSKADON, Pro Se            EARL AND CAROL AVAKIAN, Pro Se
8824 Locherbie Ct.                                    4301 South Ocean Blvd., 6A
Dublin, OH 43017                                      North Myrtle Beach, SC 29582

*Delaney, P.J.*

{¶1}   Defendants-Appellants Earl and Carol Avakian appeal the February 1, 2011 judgment entry of the Delaware Municipal Court in this Small Claims Division action.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Plaintiff-Appellee Laura A. Carskadon and Appellants entered into a real estate contract for the sale of Appellants' home located in Dublin, Ohio. As part of the real estate contract, the parties agreed that a 42-inch Sony plasma flat-screen television above the family room fireplace would remain with the home after closing. The closing date on the real estate purchase was October 27, 2010. Appellants remained in possession of the home until November 7, 2010 when Appellee was to simultaneously take possession.

{¶3}   On November 6, 2010, Appellants held an auction at their home to sell some of their possessions. Appellee attended the auction and saw that the flat-screen television was no longer attached to the wall above the fireplace. She also saw that the flat-screen television stand, which was stored in the garage, was also missing. Appellee contacted the auctioneer staff and they recommended that Appellee file a police report.

{¶4}   Appellee filed a small claims complaint with the Delaware Municipal Court on December 3, 2010. Appellee alleged breach of contract against Appellants for the

missing television and requested $2,106.42 in damages.  The trial court sent out a pre-trial order setting the case for mediation on January 6, 2011 and a trial date of January 20, 2011.

{¶5}   Appellants filed a Motion for Continuance on December 17, 2010 requesting the trial court reschedule the trial to January 13, 2011.  Appellants relocated to South Carolina and were not planning to return to Ohio until January 13, 2011.  The trial court granted Appellants' motion on December 22, 2010 and canceled the mediation scheduled for January 6, 2011 and rescheduled the trial for January 13, 2011.

{¶6}   Appellants filed their Answer on January 3, 2011.  Appellants argued that Appellants no longer owned the home or any possessions listed in the real estate agreement on the date of closing, October 27, 2010 and therefore were not responsible for any items missing from the home.  Appellants filed a second Motion for Continuance on January 3, 2011.  Appellants stated that their trip to Ohio had been rescheduled and requested the trial court advance the trial to January 20, 2011, the original trial date.

{¶7}   A bench trial before the magistrate went forward on January 13, 2011.  Appellee was present at the trial but Appellants were not.  The Magistrate's Decision issued on January 18, 2011 found that a contract existed between the parties, Appellants' breached the contract by failing to deliver the television, and Appellants' allegation that they did not own the television after closing was not a defense to the breach of contract.  The magistrate determined the television was valued at $2,106.00.  The Magistrate's Decision further denied Appellant's second Motion to Continue.

{¶8}   Appellants filed objections to the Magistrate's Decision on January 31, 2011.  Appellants argued the magistrate erred by denying Appellants' second Motion to

Continue. Appellants further argued that the magistrate erred when it found that Appellants were in breach of contract and on its determination of the value of damages for the television. The record shows that Appellants did not file a transcript of the bench trial held on January 13, 2011 with their objections to the Magistrate's Decision.

{¶9} On February 1, 2011, the trial court overruled Appellants' objections to the Magistrate's Decision.

{¶10} It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Appellants raise three Assignments of Error:

{¶12} "I. THE COURT ERRED AS A MATTER OF CONTRACT LAW [SIC] THE APPELLANTS DID NOT BREACH THE CONTRACT.

{¶13} "II. THE COURT ERRED IN NOT GRANTING THE APPELLANTS A SECOND CONTINUANCE.

{¶14} "III. THE COURT ERRED IN GRANTING APPELLEE JUDGMENT FOR $2,106.00 FOR THE SIX YEAR OLD PLASMA TV. THE APPELLEE IF AWARDED THIS JUDGMENT WOULD BE 'UNJUSTLY ENRICHED'."

## I., III.

{¶15} We shall address Appellants first and third Assignments of Error simultaneously because they are interrelated. Appellant argues that the trial court erred in finding Appellants breached its real estate contract with Appellee and that Appellee was entitled to damages in the amount of $2,106.00.

{¶16} Pursuant to the real estate contract, the television was to remain in the home after closing. The parties closed on the house on October 27, 2010. Appellants

remained in possession of the house until November 7, 2010. Appellee gained possession of the house on November 7, 2010. On November 6, 2010, Appellee realized the television was not in the home. Appellee brought a breach of contract claim alleging that Appellants breached the real estate contract because the television set was not in the home when Appellee took possession of the home.

{¶17} Appellants stated in their answer that the parties closed on the house on October 27, 2010 and Appellants simply remained in the home until Appellee took possession of the home until November 7, 2010. Therefore, Appellee was the owner of the television when Appellee noticed the television was missing from the home on November 6, 2010 and Appellee took possession of the home on November 7, 2010. Appellants conclude they have no responsibility for the loss of the television because they were no longer owners of said television after October 27, 2010.

{¶18} A bench trial was held on Appellee's complaint on January 13, 2011. Appellants did not file a transcript of the bench trial with their objections to the Magistrate's Decision nor did they file a transcript with their appeal. Civ.R. 53(D)(3)(b)(iii) provides for proceedings in matters referred to magistrates, and states in pertinent part:

{¶19} "(3) Magistrate's decision; objections to magistrate's decision.

{¶20} "(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of

reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections...."

{¶21} This Court has held that a transcript of the proceedings is not necessary for review if the issue presented is a legal question. *Engineered Polymers Corp. v. Henry A. Selinsky, Inc.*, 5th Dist. No. 2007CA00110, 2008-Ohio-2685, ¶12-15. The question then is whether Appellants' arguments present a question of law or fact. We look to the real estate contract.

{¶22} If the contract is clear and unambiguous, its interpretation is a matter of law, and there is no issue of fact to determine. *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. However, where the contract language is reasonably susceptible of more than one interpretation, the meaning of the ambiguous language is a question of fact. *Ohio Historical Soc. v. Gen. Maint. & Eng. Co.* (1989), 65 Ohio App.3d 139, 146, 583 N.E.2d 340.

{¶23} In this case, we find the language of the contract to be unambiguous and therefore no transcript of the bench trial is needed for the disposition of this issue. The real estate contract states, "[t]he TV above the family room fireplace shall remain with the home after closing." The parties closed on the property on October 27, 2010. It is undisputed that the television was not in the home on November 7, 2010, after closing.

Pursuant to the unambiguous language of the real estate contract and regardless of possession of the home, the contract stated that the television was to be in the home after closing. There was clear and competent evidence to show that the television was not in the home after closing. Accordingly, we find the trial court did not err in overruling Appellants' objections as to the breach of the contract because the television was not in the home after closing.

{¶24} Appellants next argue the trial court erred in its determination of damages. It is on this issue that the lack of a transcript becomes problematic. The determination of damages is a factual question. Pursuant to Civ.R. 53(D)(3)(b)(iii), Appellants were required to provide a transcript to the trial court in order to support their objection to the magistrate's findings of fact.

{¶25} Our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report when the party objecting to a magistrate's report fails to provide a transcript. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. In order to find an abuse of discretion, we must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably and there was not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217. When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane* (May 2, 2001), 5th Dist. App. No. 00CA21, 2001 WL 474267. Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific

legal conclusions based upon the established facts. *Sochor v. Smith* (June 28, 2000), 5th Dist. No. 00CA00001.

{¶26} Appellants object the valuation of the missing television.  It appears from the record that Appellee presented evidence as to the value of the television as $2,106.42.  We cannot find the trial court abused its discretion in valuing the television as to that amount.

{¶27} Accordingly, Appellants' first and third Assignments of Error are overruled.

**II.**

{¶28} Appellants argue in their second Assignment of Error that the trial court abused its discretion in denying Appellants' second Motion to Continue.  We disagree.

{¶29} The decision to grant or deny a motion to continue is a matter entrusted to the broad discretion of the trial court. *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617. The term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶30} In this case, the trial court originally scheduled a bench trial on January 20, 2011.  Appellants filed a motion requesting a continuance because they were scheduled to be in Ohio on January 13, 2011.  The trial court granted the motion to reschedule the trial to accommodate Appellants' schedule.

{¶31} Appellants filed a second Motion to Continue to inform the trial court that their schedule had changed and a more preferable time for trial would be January 20, 2011 at 2:00 p.m.  The January 13, 2011 bench trial went forward and Appellants did

not appear. The trial court denied the motion for continuance within the Magistrate's Decision issued on January 18, 2011.

{¶32} Appellants state they did not appear at the January 13, 2011 hearing because they did not know if their motion to continue had been granted or denied. Appellants argue within their brief that the trial court abused its discretion in not informing Appellants before the January 13, 2011 bench trial that the trial court had denied their motion to continue.

{¶33} Appellants have proceeded in this action pro se. A pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. *Sinsky v. Matthews* (Dec. 12, 2001), 9th Dist. No. 20499, at 5. When a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it. *State, ex rel. The V Companies, et al. v. Marshall*, 81 Ohio St.3d 467, 1998-Ohio-329, 692 N.E.2d 198.

{¶34} It was Appellants' motion for continuance of the trial date and therefore their responsibility to ascertain the status of the motion to continue before the trial date. We find no abuse of discretion by the trial court to ultimately deny the motion to continue; nor any unconscionable act of the trial court in failing to inform Appellants of the status of their motion to continue.

{¶35} Appellants' second Assignment of Error is overruled.

{¶36} The judgment of the Delaware Municipal Court is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAURA CARSKADON | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EARL AVAKIAN, et al. | : | |
| | : | |
| Defendants-Appellants | : | Case No. 11CAG020018 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court is affirmed.

Costs to Appellants.


HON. PATRICIA A. DELANEY


HON. SHEILA G. FARMER


HON. JOHN W. WISE