[Cite as *Ohio One Contrs. & Developers L.L.C. v. Am. Steel City Indus. Leasing Inc.*, 2013-Ohio-5851.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| OHIO ONE CONTRACTORS AND DEVELOPERS LLC, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | | |
| | : | **CASE NO. 2013-T-0023** |
| - vs - | | |
| | : | |
| AMERICAN STEEL CITY INDUSTRIAL LEASING INC., | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2008 CV 03160.

Judgment: Affirmed.

*Joseph R. Spoonster,* Fortney & Klingshirn, 4040 Embassy Parkway, Suite 280, Akron, OH 44333 (For Plaintiff-Appellant).

*Kevin P. Murphy* and *Matthew G. Vansuch,* Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., #500, P.O. Box 1510, Warren, OH 44481 (For Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Ohio One Contractors and Developers LLC, appeals from the February 7, 2013 judgment of the Trumbull County Court of Common Pleas, overruling its objections and adopting a magistrate's decision.

{¶2} On December 1, 2007, appellant entered into a contract**,** comprised of two agreements, with appellee, American Steel City Industrial Leasing Inc., for the purchase

of four brake presses.[1]  The first agreement, titled "Purchase Order," was for $16,000. The second agreement, titled "Shipping & Equipment to Load," was for $8,000. Consistent with the "Purchase Order," appellee wrote a check to appellant for $16,000. However, prior to the remittance of the check, appellee began to question whether appellant owned the brake presses.  As a result, appellee stopped payment on the check.  Appellee requested proof of ownership from appellant, and notified appellant of its intent to rescind the contract when it stopped payment.  Appellant failed to produce any proof of ownership before it scrapped the presses.  The scrapped presses yielded a profit to appellant in the amount of $14,267.86.

{¶3}  On November 12, 2008, appellant filed a complaint for breach of contract against appellee, requesting damages in the amount of $13,166, plus interest and costs.  The next month, appellee filed an answer.  Motion practice ensued, mediation was conducted, and various continuances were granted.

{¶4}  A trial was ultimately held before a magistrate on October 12, 2012.  On December 7, 2012, the magistrate issued a decision, finding that there were two separate contracts.  The magistrate further found that the "Purchase Order" contract between the parties was void because appellant did not have any ownership interest in the brake presses it purported to sell to appellee on December 1, 2007.  Thus, the magistrate recommended that judgment be rendered in favor of appellee.

{¶5}  Appellant filed timely objections to the magistrate's decision but did not file a transcript of the proceedings.  Appellant subsequently filed a reply in support of its objections.  Thereafter, appellee filed a response.

---

1. Actually, the contracts at issue are dated November 31, 2007.  The trial court took the liberty of converting that date to December 1, 2007 to avoid confusion, as the month of November has only 30 days.

{¶6} Following a hearing, the trial court overruled appellant's objections and adopted the magistrate's decision on February 7, 2013. Appellant filed a timely appeal and raises a single assignment of error for our review:

{¶7} "The trial court's decision adopting the magistrate's decision is against the manifest weight of the evidence, is contrary to the law, and is an abuse of discretion."

{¶8} Appellant presents the following four issues under its sole assignment of error:

{¶9} "[1.] The determination that Ohio One validly rescinded the purchase agreement is against the manifest weight of the evidence, is contrary to the law, and is an abuse of discretion.

{¶10} "[2.] The determination that there were two separate contracts and that American Steel could only be found in breach of the 'Purchase Order' is against the manifest weight of the evidence, is contrary to the law, and is an abuse of discretion.

{¶11} "[3.] The determination that the 'Purchase Order' contract was void is against the manifest weight of the evidence, is contrary to the law, and is an abuse of discretion.

{¶12} "[4.] The determination that Ohio One failed to mitigate its damages is against the manifest weight of the evidence, is contrary to the law, and is an abuse of discretion."

{¶13} For ease of discussion, we will address appellant's issues in a consolidated fashion.

{¶14} A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-

3

0089, 2008-Ohio-3987, ¶16. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

{¶15} Civ.R. 53(D)(3)(b) states in part:

{¶16} "(iii) An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * *

{¶17} "(iv) Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶18} In this case, the record reflects that appellant timely objected to the magistrate's decision. However, no transcript or affidavit was filed with the objections. Appellant, as the objecting party, had a duty to provide a transcript or affidavit. *In re O'Neal*, 11th Dist. Ashtabula No. 99-A-0022, 2000 Ohio App. LEXIS 5460, *7 (Nov. 24, 2000). Appellant failed to meet this burden. Given the language of Civ.R. 53 (D)(3)(b) and the fact that appellant failed to provide the trial court with either a transcript or

4

affidavit, it can only appeal questions of law. *See Weisberg v. Sampson*, 11th Dist. Portage No. 2005-P-0042, 2006-Ohio-3646, ¶30; *Grenga v. Ohio Edison Co.,* 7th Dist. Mahoning No. 03 MA 41, 2004-Ohio-822, ¶11. Therefore, any claimed errors in the magistrate's factual determinations are waived. *Id.* Thus, the question then is whether appellant's "manifest weight" argument presents a question of law or fact.

{¶19} Appellant's first three issues center around the December 1, 2007 contract, comprised of two agreements. "If the contract is clear and unambiguous, its interpretation is a matter of law, and there is no issue of fact to determine." *Carskadon v. Avakian*, 5th Dist. Delaware No. 11CAG020018, 2011-Ohio-4423, ¶22, citing *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984), citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978). "However, where the contract language is reasonably susceptible of more than one interpretation, the meaning of the ambiguous language is a question of fact." *Carskadon, supra,* at ¶22, citing *Ohio Historical Soc. v. Gen. Maint. & Eng. Co.*, 65 Ohio App.3d 139, 146 (10th Dist.1989).

{¶20} As evidenced from the parties' positions, it is not clear whether there was one contract or two. Appellant contends there was only one contract. However, appellee maintains that the two agreements, i.e., the "Purchase Order" and the "Shipping & Equipment to Load," confirm that there were two contracts. Following the trial, the magistrate did not find appellant's argument of a singular contract to be persuasive. Rather, the magistrate agreed with appellee and found that there were two separate contracts. As this is inherently a factual question, we cannot examine it on appeal without a transcript or other alternative.

5

{¶21} Likewise, whether the magistrate's finding that the "Purchase Order" contract between the parties was void (because appellant did not have any ownership interest in the brake presses it purported to sell to appellee on December 1, 2007), and whether appellee properly stopped payment on the check (because appellant failed to provide proof of ownership) are inherently factual questions that we cannot examine on appeal without a transcript or other alternative.

{¶22} Finally, appellant's last argument focuses on the magistrate's handling of damages. However, because the determination of damages is a factual question, we cannot examine this issue on appeal without a transcript. *See Carskadon, supra,* at ¶24.

{¶23} Based on the limited record before the trial judge and this court, we determine that the trial judge did not abuse his discretion in overruling appellant's objections and adopting the magistrate's decision.

{¶24} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.