[Cite as *Infinite Vision USA, L.L.C. v. Duke Energy Ohio, Inc.*, 2021-Ohio-1986.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| INFINITE VISION USA, LLC, | : | |
| Appellant, | : | CASE NO. CA2020-01-005 |
| | : | O P I N I O N |
| - vs - | | 6/14/2021 |
| | : | |
| DUKE ENERGY, INC., | : | |
| Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CV92600

Lindhorst & Dreidame Co., LPA, Bradley D. McPeek, 312 Walnut Street, Suite 3100, Cincinnati, Ohio 45202, for appellant

Duke Energy Office of General Counsel, James E. McLean, 139 E. 4th Street, M/C 1212-M, Cincinnati, Ohio 45202, for appellee

**S. POWELL, J.**

{¶ 1}   Appellant, Infinite Vision USA, LLC ("Infinite Vision"), appeals the decision of the Warren County Court of Common Pleas granting the Civ.R. 12(B)(1) motion to dismiss filed by appellee, Duke Energy Ohio, Inc. ("Duke Energy"), upon the trial court finding it lacked subject-matter jurisdiction to proceed.  Infinite Vision also appeals the trial court's decision overruling its motion for discovery, as well as its request for an evidentiary hearing,

before granting Duke Energy's motion to dismiss. For the reasons outlined below, we reverse the trial court's decision granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss and remand this matter to the trial court for further proceedings.

**Infinite Vision's Complaint**

{¶ 2} On September 12, 2019, Infinite Vision filed a complaint against Duke Energy, an electric distribution utility doing business in Ohio, alleging claims of breach of express and implied contract, promissory estoppel, negligent misrepresentation, and unjust enrichment. Infinite Vision's claims are based on the following factual allegations.

{¶ 3} Infinite Vison is a small, minority owned energy services company that started in 2012. As an energy services company, Infinite Vision provides energy consulting and contracting services to its customers. As part of this business, Infinite Vison will analyze a customer's energy consumption, create an energy savings plan to improve that customer's energy efficiency, and implement that energy savings plan by providing the labor, equipment, and materials necessary to the customer.

{¶ 4} Since its inception, Infinite Vision has participated in Duke Energy's energy efficiency program known as the "Super $avers Program" as a "trade ally" of Duke Energy. The Super $avers Program, a program that Duke Energy refers to as the "Smart$aver Incentive Program," provides Duke Energy's eligible nonresidential customers the opportunity to lessen their energy costs and contribute to a cleaner environment through the installation of high-efficient equipment in their facilities. The Super $avers Program defines a "trade" ally" as "any third party who promotes the sale and/or installation of the high-efficiency equipment" for the eligible nonresidential customers of Duke Energy.

{¶ 5} Trade allies, like Infinite Vision, perform the work and provide the equipment necessary to achieve the goal of the Super $avers Program, i.e., lower energy costs for Duke Energy's eligible nonresidential customers. Duke Energy benefits from the Super

$avers Program and the energy efficiency created from the work done by its trade allies through better grid reliability and lower greenhouse gas emissions. Trade allies are paid for their work through either (1) direct payments from Duke Energy's eligible nonresidential customers or (2) via rebates and other incentives paid directly from Duke Energy.

{¶ 6} According to Infinite Vision, the rebates and incentives Duke Energy offers to its trade allies are crucial to the Super $aver Program's success given their impact of reducing the cost of energy efficiency. Also according to Infinite Vision, Duke Energy's trade allies depend on these rebates and incentives, as well as accurate and timely information from Duke Energy about these rebates and incentives, when its trade allies are pricing and bidding on jobs through the Super $avers Program.

{¶ 7} In October of 2017, Infinite Vision entered into a contract with Vantiv, LLC ("Vantiv") to provide Vantiv with certain labor and materials necessary to replace older light fixtures in Vantiv's facilities. This included the installation of a number of high efficiency 2x4 LED light panels. Infinite Vision alleges that it was to be paid $387,126 for its work under this contract: $117,126 from Vantiv with the remaining $270,000 from Duke Energy.

{¶ 8} In February of 2018, Infinite Vision finished its work at Vantiv's facilities. After its work was finished, Infinite Vision submitted a payment application to Duke Energy. Duke Energy responded and paid Infinite Vision $135,000, half of what Infinite Vision believed it was owed. Upon receiving Duke Energy's payment, Infinite Vision contacted Duke Energy and demanded it pay the remaining $135,000 that Infinite Vision believed it was still owed. Duke Energy refused Infinite Vision's demand by claiming the rebate amount for the equipment Infinite Vision had installed in Vantiv's facilities had been reduced by 50% by the Public Utilities Commission of Ohio ("PUCO") through an order that PUCO had issued on September 27, 2017.

{¶ 9} Despite this, Infinite Vision again demanded Duke Energy pay the additional

$135,000 that it believed it was owed. Duke Energy again refused. Infinite Vision then filed the instant lawsuit against Duke Energy specifically alleging that Duke Energy had breached its "contractual duties" and "other obligations" it owed to Infinite Vision to advise it of the "substantial reductions" in Duke Energy's rebate amounts, thereby subjecting Duke Energy to liability for breach of express and implied contract, promissory estoppel, negligent misrepresentation, and unjust enrichment.

**Duke Energy's Motion to Dismiss**

{¶ 10} On October 10, 2019, Duke Energy filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. In support of its motion, Duke Energy alleged that PUCO had exclusive jurisdiction over this matter pursuant to R.C. 4905.26. "R.C. 4905.26 confers exclusive jurisdiction on PUCO to determine whether any 'service rendered' by a public utility or any 'practice affecting or relating to any service furnished by a public utility, or in connection with such service' is in any respect unjust, unreasonable, or in violation of law." *Pro Se Commercial Properties v. Illum. Co.*, 8th Dist. Cuyahoga No. 92961, 2010-Ohio-516, ¶ 9. Specifically, as provided by R.C. 4905.26:

> Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof.

Therefore, "where PUCO has jurisdiction as provided by this statute, that jurisdiction is exclusive and reviewable only by the Supreme Court of Ohio." *Jones v. Ohio Edison Co.*, 11th Dist. Ashtabula No. 2014-A-0015, 2014-Ohio-5466, ¶ 9, citing *State ex rel. N. Ohio Tel. Co. v. Winter*, 23 Ohio St.2d 6 (1970).

{¶ 11} Attached to Duke Energy's motion to dismiss was PUCO's September 27, 2017 order mandating Duke Energy reduce the energy efficiency incentives paid out from the Super $avers Program. Referring to that order, Duke Energy alleged that Infinite Vision had used an "outdated application" when it requested a rebate payment "at the higher rate that existed" before PUCO issued its September 27, 2017 order for the work it completed at Vantiv's facilities in February of 2018. Therefore, according to Duke Energy, this case falls within PUCO's exclusive jurisdiction because (1) PUCO's administrative expertise is required to resolve this dispute since Infinite Vision's claims involve Duke Energy's procedures for administering its Super $avers Program in accordance with PUCO's September 27, 2017 order, and because (2) Duke Energy's reduced rebate payments issued to its trade allies after PUCO issued its September 27, 2017 order, as well as the notification of PUCO's September 27, 2017 order to its trade allies, is a practice normally authorized by Duke Energy as part of its Super $avers Program.

### Trial Court's Decision to Grant Duke Energy's Motion to Dismiss

{¶ 12} On January 8, 2020, the trial court issued a decision granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss. In so holding, the trial court stated, "PUCO has exclusive jurisdiction over matters involving public utilities, including rates and charges, classifications, and service, the Court finds that PUCO has exclusive jurisdiction over this matter and this Court does not have subject-matter jurisdiction in this case." As noted by the trial court, this is because:

> The allegations in this case, include that [Duke Energy]

breached its contract with [Infinite Vision] when it failed to properly notify [Infinite Vision] of a change in the amount of rebates offered under the Duke Energy Smart $aver Program. [Duke Energy's] Smart $aver Program is governed by PUCO. PUCO further governs the rebates that make the basis for [Infinite Vision's] claims and in fact, the rebate reduction that is the basis of [Infinite Vision's] complaint was ordered by PUCO. Therefore, the Court finds that PUCO's administrative expertise is necessary to decide this claim and the acts complained of are practices normally authorized by [Duke Energy as part of the Smart $aver Program mandated by PUCO].[1]

### Appeal and Assignments of Error

{¶ 13} Infinite Vision now appeals the trial court's decision granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss, raising the following two assignments of error for review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED WHEN IT SUSTAINED THE APPELLEE DUKE ENERGY OHIO, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT INFINITE VISION USA, LLC'S MOTION FOR DISCOVERY AND A HEARING.

{¶ 18} In its first assignment of error, Infinite Vision argues the trial court erred by granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. In its second assignment of error, Infinite Vision argues the trial court erred when it denied its motion for discovery, as well as its request for an evidentiary hearing on the issue of PUCO's exclusive subject-matter jurisdiction. Finding merit to Infinite Vision's second assignment of error, we reverse the trial court's decision granting Duke Energy's

---

1 We note that the trial court's decision stated that "the acts complained of are practices normally authorized by PUCO," rather than Duke Energy. Given the trial court's holding, we find the trial court's reference to PUCO instead of Duke Energy within that sentence was a clerical error.

Civ.R. 12(B)(1) motion to dismiss and remand this matter to the trial court for further proceedings.

**Civ.R. 12(B)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

{¶ 19} "A trial court must grant a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum." *Miller v. Ohio State Highway Patrol*, 12th Dist. Fayette No. CA2019-08-017, 2020-Ohio-3231, ¶ 17, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). This review involves a determination of whether the plaintiff has alleged any cause of action for which the trial court has authority to decide. *Ferreri v. Millford Exempted Village School Dist. Bd. of Edn.*, 12th Dist. Clermont Nos. CA2007-04-044 and CA2007-04-050, 2008-Ohio-4314, ¶ 12; *Bla-Con Industries, Inc. v. Miami Univ.*, 12th Dist. Butler No. CA2006-06-127, 2007-Ohio-785, ¶ 7 ("[t]his [review] involves a determination of whether the complaint raised any cause of action cognizable by the forum in which it was filed").

{¶ 20} The trial court is not confined to the allegations raised in the complaint when ruling on such a motion and may consider material pertinent to that inquiry without converting the motion into one for summary judgment. *McGuffey v. LensCrafters, Inc.*, 141 Ohio App.3d 44, 50 (12th Dist.2001), citing *Southgate Development Corp. v. Columbia Gas Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus; and *Shockey v. Fouty*, 106 Ohio App.3d 420, 424 (4th Dist.1995). This court conducts a de novo review of a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. *McKenzie v. Meijer, Inc.*, 12th Dist. Clermont No. CA2016-09-061, 2017-Ohio-1495, ¶ 10.

**PUCO's Exclusive Jurisdiction Under R.C. 4905.26**

{¶ 21} "PUCO has exclusive jurisdiction over most matters concerning public utilities." *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, ¶ 5. This includes matters such as rates and charges, classifications, and service.

*Pac. Indem. Co. v. Deems*, 10th Dist. Franklin No. 19AP-349, 2020-Ohio-250, ¶ 9. Trial courts, however, "retain limited subject-matter jurisdiction over a matter that is pure common-law tort or contract action involving utilities that are regulated by the PUCO." *Flex Technologies v. Am. Elec. Power Co., Inc.*, 5th Dist. Tuscarawas 2015 AP 01 0004, 2015-Ohio-3456, ¶ 10, citing *State ex rel. Illuminating Company v. Cuyahoga County Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312. That is to say, "[t]he broad jurisdiction of PUCO over service-related matters does not affect 'the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims.'" *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, ¶ 9, quoting *State ex rel. Ohio Edison Co. v. Shaker*, 68 Ohio St.3d 209, 211 (1994). Therefore, in reviewing the trial court's decision to grant Duke Energy's motion to dismiss, we must determine whether the claims Infinite Vision raises in its complaint are within PUCO's exclusive jurisdiction or whether its claims are pure tort and contract claims that do not require a consideration of statutes and regulations administered and enforced by PUCO.

{¶ 22} The Ohio Supreme Court has adopted a two-part test to apply when determining whether PUCO has exclusive jurisdiction: "(1) whether the PUCO's administrative expertise is required to resolve the issue in dispute, and (2) whether the act complained of constitutes a practice normally authorized by the utility." *Mosley v. Dayton Power & Light Co.*, 2d Dist. Montgomery No. 27301, 2017-Ohio-985, ¶ 10, citing *Allstate Ins.*, 2008-Ohio-3917 at ¶ 11-13. "If the answer to both questions is in the affirmative, the claim is within PUCO's exclusive jurisdiction." *Saks v. E. Ohio Gas Co.*, 8th Dist. Cuyahoga No. 97770, 2012-Ohio-2637, ¶ 12. However, "[i]f the answer to either question is 'No,' the claim is not within the PUCO's exclusive jurisdiction." *DiFranco v. FirstEnergy Corp.*, 134 Ohio St.3d 144, 2012-Ohio-5445, ¶ 28. Merely casting the allegations in the complaint to sound in tort or in contract is not sufficient to confer jurisdiction upon the trial court. *Higgins*

*v. Columbia Gas of Ohio, Inc.*, 136 Ohio App.3d 198, 202 (7th Dist.2000). The trial court must instead "look to the substance of the allegations in the complaint to determine the proper jurisdiction." *Jones,* 2014-Ohio-5466 at ¶ 11. This is because "[t]he PUCO is not a court and has no power to ascertain and determine legal rights and liabilities." *DiFranco* at ¶ 20, citing *State ex rel. Dayton Power & Light Co. v. Riley*, 53 Ohio St.2d 168, 170 (1978); and *New Bremen v. Pub. Util. Comm.*, 103 Ohio St. 23, 30-31 (1921).

**Analysis**

{¶ 23} Given the record properly before this court, we find the trial court acted too hastily by granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss without first allowing discovery to be conducted. This is because, as the record now stands, there is very little evidence to conclusively establish whether PUCO has exclusive jurisdiction over this case and the allegations raised by Infinite Vision within its complaint. We find this to be particularly true as it relates to the first part of the Ohio Supreme Court's two-part test as set forth above, i.e., whether PUCO's administrative expertise is actually required to resolve this dispute. That is to say nothing of whether the acts Infinite Vision complains within its complaint truly constitutes a practice (or practices) normally authorized by Duke Energy.

{¶ 24} For instance, despite the trial court's findings, we still believe there are questions as to whether PUCO's administrative expertise is necessary to resolve the issue of whether Duke Energy breached its contract with Infinite Vision when it failed to properly notify Infinite Vision of the change in the amount of rebates offered under Duke Energy's Smart $aver Program. As the record now stands, this appears to be a dispute that would need little, if any, of PUCO's administrative expertise. More discovery is necessary to make a conclusive determination, however. The same is true as it relates to whether the acts underlying Infinite Vision's claims of promissory estoppel, negligent misrepresentation, and unjust enrichment are truly practices normally engaged in by Duke Energy. These are just

some of the many questions left unresolved given the scant record presented to this court on appeal.

{¶ 25} In light of the foregoing, because we find the record needs to be more fully developed before it can be conclusively determined whether PUCO has exclusive jurisdiction over this case, we reverse the trial court's decision granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction and remand this matter to the trial court for further proceedings. Upon remand, such proceedings shall include, but need not be limited to, allowing the parties to engage in discovery. Following discovery, and if deemed necessary by the trial court, these proceedings may also include the trial court holding an evidentiary hearing on the question of PUCO's exclusive jurisdiction over this case under R.C. 4905.26. Accordingly, based on the reasons outlined above, and upon finding merit to Infinite Vision's second assignment of error only, Infinite Vision's second assignment of error is sustained and Infinite Vision's first assignment alleging the trial court erred by granting Duke Energy's Civ.R. 12(B)(1) motion to dismiss is overruled as moot.

{¶ 26} Judgment reversed and remanded for further proceedings.

PIPER, P.J., and HENDRICKSON, J., concur.