[Cite as *Myers v. First Energy*, 2025-Ohio-589.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| JOSEPH MYERS, | : | |
| Appellant, | : | CASE NO. CA2024-08-016 |
| | : | O P I N I O N |
| - vs - | | 2/24/2025 |
| | : | |
| FIRST ENERGY aka OHIO EDISON COMPANY, | : | |
| | : | |
| Appellee. | | |

CIVIL APPEAL FROM MADISON COUNTY MUNICIPAL COURT
Case No. CVI 2400359

Joseph Myers, pro se.

FirstEnergy Service Company, and Scott J. Casto; Benesch Friedlander Coplan and Aronoff, and Kari D. Hehmeyer, for appellee.

**HENDRICKSON, J.**

{¶ 1} Appellant, Joseph Myers, appeals the decision of the Madison County Municipal Court, dismissing his complaint.[1] For the following reasons, we affirm.

### I. Factual and Procedural Background

{¶ 2} On April 24, 2024, Myers filed a small claims complaint in the Madison

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

County Municipal Court against appellee, First Energy aka Ohio Edison Company (hereinafter "Ohio Edison"), alleging he had been overcharged for his electric service for several years.[2]

**{¶ 3}** On May 8, 2024, Ohio Edison filed a motion to dismiss Myers' complaint for lack of subject-matter jurisdiction, arguing that disputes over electrical service rates are under the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). The trial court's magistrate initially denied the motion to dismiss, but during a pretrial hearing held on May 30, 2024, the issues were discussed more fully and the trial court ordered supplemental briefing on jurisdiction. Ohio Edison filed a memorandum of supplemental authority on June 13, 2024.

**{¶ 4}** On June 20, 2024 the magistrate found that the trial court did not have subject-matter jurisdiction and dismissed Myers' complaint. On June 28, 2024, Myers filed objections to the magistrate's decision, and on July 18, 2024, the magistrate issued findings of fact and conclusions of law and concluded that complaints challenging rates charged for utility services fall within the exclusive jurisdiction of PUCO. On July 22, 2024, the trial court overruled Myers' objections and entered a judgment consistent with the findings of the magistrate.

**{¶ 5}** Myers now appeals raising four assignments of error for our review.

## II. Legal Analysis

**{¶ 6}** For ease of discussion, we address Myers' first and third assignments of error together.

**{¶ 7}** Assignment of Error No. 1:

---

2. Appellee was initially identified as First Energy in the trial court and the case was captioned as *Joseph Myers v. First Energy*. However, on appeal, appellee has identified itself as Ohio Edison Company, therefore we have modified the caption in this appeal to reflect the name of appellee.

{¶ 8} THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL COURT ERRED BY DISMISSING THE PLAINTIFF'S CLAIMS WITHOUT GRANTING LEAVE TO AMEND HIS COMPLAINT.

{¶ 11} In his first assignment of error, Myers argues that the trial court erred in dismissing his complaint for lack of subject-matter jurisdiction because he framed his claims against Ohio Edison as a breach of contract. In his third assignment of error, Myers further argues that if there was some deficiency in his complaint, the trial court erred by not granting him leave to amend his complaint and clarify the contractual nature of his claims. We disagree with Myers. Claims alleging utility overbilling indisputably fall within the exclusive jurisdiction of PUCO.

{¶ 12} "PUCO has exclusive jurisdiction over most matters concerning public utilities." *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 2008-Ohio-3917, ¶ 5. This includes matters such as rates and charges, classifications, and service. *Infinite Vision USA, LLC v. Duke Energy, Inc.*, 2021-Ohio-1986, ¶ 21 (12th Dist.). However, trial courts retain limited subject-matter jurisdiction over a matter that is pure common-law tort or contract action involving utilities that are regulated by PUCO. *Id.* Nevertheless, merely casting the allegations in the complaint to sound in tort or breach of contract is insufficient to confer jurisdiction upon the trial court. *DiFranco v. FirstEnergy Corp.*, 2012-Ohio-5445, ¶ 26. "Instead, courts must look to the substance of the allegations in the complaint to determine the proper jurisdiction."

{¶ 13} This court conducts a de novo review of a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. *Infinite Vision* at ¶ 20. The Ohio Supreme Court has adopted a two-part test to determine whether PUCO has

exclusive jurisdiction: (1) whether PUCO's administrative expertise is required to resolve the issue in dispute and (2) whether the act complained of constitutes a practice normally authorized by the utility. If the answer to either question is 'No,' the claim is not within PUCO's exclusive jurisdiction. Here, our de novo review answers both parts of the test 'Yes,' thus PUCO has exclusive jurisdiction over Myers' complaint.

**{¶ 14}** PUCO's administrative expertise is required to resolve an electricity rate dispute. "Every public utility in Ohio is required to file, for commission review and approval, tariff schedules that detail rates, charges and classifications for every service offered. R.C. 4905.30. And a utility must charge rates that are in accordance with tariffs approved by, and on file with, the commission. R.C. 4905.22." *Hull v. Columbia Gas of Ohio*, 2006-Ohio-3666, ¶ 15. Additionally, the offering of special or discount rates is a practice normally engaged in by public utilities and authorized by the commission, thus the commission is best suited to adjudicate any claims regarding the lawfulness of the rates charged. *DiFranco*, ¶ 38.

**{¶ 15}** No matter how Myers' complaint is structured, the substance of his allegations is that Ohio Edison has overbilled him for electricity at rates higher than those previously agreed upon. A trial court does not abuse its discretion to deny a motion to amend a complaint when to do so would be a vain act. *Miles Mgt. Corp. v. FirstEnergy Corp.*, 2005-Ohio-1496, ¶ 38 (8th Dist.) (finding that nothing would transform plaintiff's claims into anything other than allegations about the electrical services defendants failed to provide, and that PUCO would be best suited to determine the issues). The present rate dispute falls squarely within the exclusive jurisdiction of PUCO. Therefore, the trial court did not abuse its discretion by denying Myers the opportunity to amend his complaint.

**{¶ 16}** Myers' first and third assignments of error are overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED BY FAILING TO ADDRESS PLAINTIFF'S ALLEGATIONS OF PROSECUTORIAL MISCONDUCT AND JUDICIAL BIAS.

{¶ 19} In his second assignment of error, Myers argues that he was prejudiced by the failure of the magistrate and trial court judge to recuse themselves from the case and that they were biased against him based on previous encounters with Myers in entirely different proceedings. Nevertheless, Myers failed to file a motion with the trial court to disqualify the magistrate pursuant to Civ.R. 53(D), therefore the issue is waived. *Chasteen v. Lynch*, 2024-Ohio-5857, ¶ 85 (12th Dist.), citing *Caldwell v. Koehler*, 2023-Ohio-4527, ¶ 32 (5th Dist.). Additionally, regarding the trial court judge, Myers never filed an affidavit of disqualification with the clerk of the supreme court pursuant to R.C. 2701.03 and 2701.031, which is the exclusive means by which a litigant may claim that a municipal judge is biased and prejudiced. *Jeffers v. Bumgardner*, 2016-Ohio-4655, ¶ 28 (7th Dist.). The question of a judge's alleged bias or prejudice is not a proper subject for appellate review.[3] *Chasteen at* ¶ 86.

{¶ 20} Myers' second assignment of error is overruled.

{¶ 21} Assignment of Error No. 4:

{¶ 22} THE COURT'S TREATMENT OF THE PLAINTIFF DURING HIS CONFINEMENT VIOLATED THE EIGHTH AMENDMENT AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.

{¶ 23} In his fourth assignment of error, Myers argues that he suffered cruel and unusual punishment in an entirely separate proceeding due to the trial court judge's

---

3. The Ohio Constitution vests the sole authority for determining the disqualification of a judge of a court of common pleas in the Chief Justice of the Supreme Court of Ohio. Ohio Const., art. IV, § 5(C). "The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." *Id.*

directives in that proceeding. These allegations do not appear in any of the trial court filings and this assignment of error has no relevance to the present case, therefore we decline to review the assignment of error. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based"); *See also In re Estate of Demsey*, 2016-Ohio-8152, ¶ 4 (8th Dist.) (ruling that where a "brief addresses an order and a trial court proceeding not relevant to the subject matter of the order appealed in this case," the court "ha[s] no arguments upon which to review the appeal for any error").

**{¶ 24}** Myers' fourth assignment of error is overruled.

### III. Conclusion

**{¶ 25}** For the reasons stated, we find that the allegations in Myers' complaint fall within the exclusive jurisdiction of PUCO and the trial court did not err in dismissing his complaint.

**{¶ 26}** Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.